UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Richard Moses

Petitioner

v. Civil No. 2:19-cv-189-wks-jmc

Stephen Spaulding

Respondent

---

United States of America

v. Crim No. 5:05-cr-133-gwc

Richard E. Moses, Jr.

**REPORT AND RECOMMENDATION**
(Doc. 1; Doc. 435)

Richard E. Moses, Jr., a federal inmate proceeding *pro se*, has filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. *Moses v. Spaulding*, No. 2:19-cv-189-wks-jmc, Doc. 1 (D. Vt. Filed Oct. 24, 2019) (*Moses II*). Moses has characterized the filing as a § 2241 Petition. As a result, the Petition was docketed as a new civil case by the Clerk of Court and as a matter distinct from the criminal case involving Moses in which there have been numerous postconviction proceedings

filed by Moses challenging his conviction and sentence.[1] *United States v. Richard E. Moses, Jr.*, No. 5:05-cr-133-gwc-1 (D. Vt. Oct. 27, 2010) (*Moses I*).[2]

The records of this Court reveal that Moses was convicted in this district in 2010 following his pleas of guilty to one count of conspiring to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 846; 841(b)(1)(A), one count of conspiring to possess a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(o), and one count of attempting to kill a government witness to prevent him from testifying in a criminal proceeding, in violation of 18 U.S.C. § 1512(a)(1)(A). *Moses I*, Doc. 170 at 1; *see also* Doc. 313 at 1. Moses was sentenced to a 25-year term of imprisonment, to be followed by a 10-year term of supervised release. *Id.*, Doc. 313 at 2–3; Doc. 321 at 44–46.

As explained below, a review of Moses' § 2241 Petition and the accompanying Memorandum of Law reveals that the Petition is properly characterized as a motion challenging the sentence in the criminal case under 28 U.S.C. § 2255, and not the execution of his sentence under § 2241.[3] Moreover, Moses' asserted reliance on § 2255(e) to preclude this re-characterization of his Petition is misplaced. Because it is Moses' second or successive § 2255 Motion, this Court lacks jurisdiction to consider it and the Motion must be transferred to the Second Circuit Court of Appeals for

[1] The § 2241 Petition was originally filed in the District of Massachusetts, where Moses is currently serving his sentence, and it was transferred by Order of the Massachusetts federal court to this Court.

[2] Citations to entries on the CM/ECF docket for *Moses II* are indicated in parentheses, whereas docket citations for *Moses I* are indicated without parentheses.

[3] Because the Court construes Moses' Petition as a § 2255 Motion, it has also been docketed in the criminal case, No. 5:05-cr-133-gwc-1 (*Moses I*). *See* Doc. 435.

authorization pursuant to 28 U.S.C. § 2255(h). In addition, I recommend that the parallel civil case in Docket No. 2:19-cv-189 be closed.

## Procedural Background

### I. The Plea of Guilty and Sentence

On June 20, 2006, the grand jury sitting in the District of Vermont returned a 15-count superseding indictment charging Moses with: five controlled substance violations, four firearm violations, four counts of using a facility in interstate commerce with the intent to commit murder, one count of attempted murder with the intent to prevent the attendance and testimony of a government witness, and a forfeiture allegation. *Moses I*, Doc. 44.

On August 6, 7, 8, and 11, 2008, United States District Judge J. Garvan Murtha presided over a jury trial that ended on August 11 when the government and Moses, with benefit of counsel, entered into a plea agreement. *Id.*, Docs. 167–171. Pursuant to the written plea agreement filed with the Court on August 11, 2008, *id.,* Doc. 170, Moses agreed to plead guilty to Counts 1, 6, and 12 of the Superseding Indictment. In Count 1, Moses admitted to conspiring to distribute more than five kilograms of cocaine from approximately January 2002 to August 20, 2005, in violation of 21 U.S.C. §§ 846; 841(b)(1)(A). In Count 6, Moses admitted to conspiring to use and carry a firearm during and in relation to a drug trafficking offense (namely, the conspiracy of Count 1), in violation of 18 U.S.C. § 924(o). Finally, in Count 12, he admitted to attempting to kill a witness to prevent that witness from testifying in the criminal proceeding, in violation of 18 U.S.C. § 1512(a)(1)(A). *Id.* at 1.

In exchange for Moses' guilty pleas, the government agreed to: (a) move to dismiss the remaining counts of the Superseding Indictment at the time of sentencing; (b) not prosecute Moses in the District of Vermont for any other criminal offenses known to the United States Attorney's Office, as of the date of the signing of the plea agreement, that were committed by him in the District of Vermont relative to firearms, drug trafficking, and witness tampering; and (c) move to dismiss the Superseding Notice filed pursuant to 21 U.S.C. § 851, leaving the original § 851 Notice alleging one prior federal drug felony.[4] *Id.* at 3. Furthermore, the parties stipulated and agreed, pursuant to Fed. R. Crim. P. 11(c)(1)(C), that the Court's sentence regarding the term of imprisonment would be at least 20 years and not more than 25 years. *Id.*

During the change of plea hearing, Judge Murtha thoroughly questioned Moses to confirm his understanding of the terms of the plea agreement, as required by Fed. R. Crim. P. 11(b). *See generally Moses I*, Doc. 203. In response, Moses acknowledged under oath that he understood the nature of the offense, the possible term of imprisonment (as limited by the plea agreement), and the numerous rights he was waiving by entering a guilty plea. *Id.* at 5–25. Judge Murtha also confirmed that Moses was satisfied with his attorney's representation and advice. *Id.* at 25.

[4] On June 22, 2006, the government filed an Information pursuant to 21 U.S.C. § 851 for the purposes of sentencing, setting forth one prior drug felony—a 2001 felony drug conviction (sale of cocaine) in New Hampshire Superior Court that would have been chargeable under 21 U.S.C. §§ 841, 846. *Moses I*, Doc. 45. Thereafter, on May 15, 2008, the government filed a Superseding Information setting forth two prior drug felonies—a 2000 New Hampshire state conviction for felony sale of cocaine and the 2001 New Hampshire state conviction for felony sale of cocaine. *Id.*, Doc. 128. By agreeing to withdraw the latter in favor of the former, the government effectively reduced the mandatory term of life imprisonment to a term of imprisonment of not less than 20 years. *See* 21 U.S.C. § 841(b)(1)(A)(ii).

After a recitation of the pertinent facts forming the basis of the three counts by the Assistant United States Attorney, Moses confirmed the truth of the allegations. *Id.* at 13. Judge Murtha accepted Moses' guilty plea, as he concluded that the plea had a factual basis, was free of any coercive influence, was competently and voluntarily made with full knowledge of the charges and consequences of the plea, and that no promises had been made (except those contained in the plea agreement) in exchange for the guilty plea. *Id.* at 29. Moses later sought to withdraw from the plea agreement, *id.*, Docs. 237, 272, and that effort was unsuccessful. *Id.*, Doc. 281.

A sentencing hearing was held on October 27, 2010. *Id.*, Doc. 312. In both his pre-hearing filings as well as during the hearing, counsel for Moses urged the Court to reject the plea agreement for the reasons set out in the previously filed motion to withdraw. *Id.*, Doc. 300; *see also* Doc. 321 at 2–3. In the alternative, counsel sought imposition of the plea agreement's minimum sentence of 20 years' imprisonment. During the sentencing hearing, Moses also spoke on his own behalf, rehashing many of the arguments previously raised in the motion to withdraw and urging the Court not to sentence him. *Id.*, Doc. 321 at 7–35. Alternatively, Moses requested a 20-year sentence. *Id.* at 40. Judge Murtha accepted the binding plea agreement. *Id.* at 44. After considering the applicability of the sentencing guidelines and the factors in 18 U.S.C. § 3553(a), he imposed a sentence of 25 years, which was within the range the parties had stipulated to in the plea agreement. *Id.*

## II. Direct Appeal

Moses pursued a direct appeal. *Moses I*, Doc. 316. Attorney Azra Feldman was appointed to represent Moses on appeal. Attorney Feldman argued that the

district court's purported participation in plea discussions invalidated the guilty plea and that the government's decision to offer Moses a plea with a greater mandatory minimum sentence during trial violated his right to a jury trial. Moses also filed a *pro se* supplemental brief. The Second Circuit rejected these contentions and affirmed the conviction and sentence in a summary order. *United States v. Moses*, 441 F. App'x 795 (2d Cir. 2011).[5] The Supreme Court denied Moses' petition for a writ of certiorari. *Moses v. United States*, 565 U.S. 1072 (2011).

**III. The Prior § 2255 Motions**

On November 5, 2012, Moses, acting *pro se*, moved under 28 U.S.C. § 2255 to vacate the sentence imposed by Judge Murtha. *Moses I*, Doc. 351. Moses asserted two distinct bases for his collateral challenge: (1) ineffective assistance of appellate counsel and (2) the violation of Fed. R. Crim. P. 11, rendering his plea void *ab initio* due to judicial participation in plea discussions. On January 9, 2014, the district court denied Moses' § 2255 Motion in a written opinion. *Id.*, Doc. 386. Moses appealed from that denial. *Id.*, Doc. 387. On June 19, 2014, the Court of Appeals dismissed Moses' appeal, concluding that Moses had failed to make a substantial showing of the denial of a constitutional right. *Id.*, Doc. 390.

On January 29, 2018, Moses, through counsel, moved pursuant to the All Writs Act, 28 U.S.C. § 1651, to vacate his convictions. *Id.*, Doc. 395. In a Report and Recommendation filed by the undersigned Magistrate Judge, it was concluded that

[5] The Second Circuit had previously denied Moses' Petition for a Writ of Mandamus. *Moses I*, Doc. 323.

Moses was again challenging his conviction and sentence, and that Moses' Motion under the All Writs Act was properly characterized as a motion under 28 U.S.C. § 2255. Concluding that Moses' Motion sought to relitigate claims he raised in his direct appeal and in his first § 2255 motion, I recommended that the Motion be transferred to the Court of Appeals pursuant to 28 U.S.C. § 2255(h) to determine whether the district court had the authority to review Moses' second or successive habeas motion. *Id.*, Doc. 398. On May 15, 2018, United States District Judge Geoffrey Crawford issued an Opinion and Order adopting the conclusions set forth in the Report and Recommendation, and Judge Crawford ordered that Moses' Motion be transferred to the Court of Appeals under 28 U.S.C. § 2255(h). *Id.*, Doc. 404. While proceedings in connection with Moses' Motion were pending in the Court of Appeals, Moses filed yet another § 2255 motion (his third) in the district court, *id.*, Doc. 407, and later, a fourth one, which he styled as a "placeholder" motion. *Id.*, Doc. 408. These motions, which challenged the integrity of his earlier § 2255 motion, were also transferred to the Court of Appeals for authorization under § 2255(h). *Id.*, Doc. 414. On August 14, 2018, the Second Circuit issued an Order and Mandate, denying Moses' (second) § 2255 motion. *Id.*, Doc. 417. The Court of Appeals denied Moses' Motion, which he had filed in that Court for authorization to file his successive § 2255 motions, concluding it was unnecessary because Moses was, in fact, challenging the prior § 2255 denial under Fed. R. Civ. P. 60(b). *Id.*, Doc. 430. Relief under Rule 60(b) was denied in this Court by Order dated September 30, 2019, *id.*, Doc. 432, and that denial is currently the subject of an appeal. *Id.*, Doc. 433.

## Analysis

### I. Petitioner's Contentions

Moses claims in his Petition that in light of the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013) and *Burrage v. United States*, 571 U.S. 204 (2014), the sentence imposed upon him must be vacated. In *Alleyne*, the Supreme Court held that "any fact that increases the mandatory minimum [sentence] is an 'element' that must be submitted to the jury" and proved beyond a reasonable doubt. 570 U.S. at 103. *Alleyne* is the progeny of *Apprendi v. New Jersey*, which held that any fact that increased a statutory maximum sentence must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. 466, 490 (2000). *Burrage* is the progeny of *Apprendi* and *Alleyne*. In *Burrage*, the Court held that a sentence for distribution resulting in death under 21 U.S.C. § 841(b)(1)(C) requires the jury to find beyond a reasonable doubt that distribution of the drugs was the 'but for' cause of a person's death. *Burrage*, 571 U.S. at 210.

Conceding that he has previously sought § 2255 relief, Moses seeks to avoid re-characterization of his filing as a § 2255 Motion as it would require authorization of the Court of Appeals to file a second or successive motion under § 2255(h). As discussed below, Moses invokes the "Savings Clause" found at § 2255(e) and argues that a motion under § 2255 is inadequate or ineffective to test the legality of his detention and thus, he must be allowed to proceed in this court under § 2241.

### II. Legal Standards

Two statutes provide mechanisms for a federal prisoner to challenge his detention: 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Actions under § 2255 challenge

the imposition of a federal sentence. Section 2255 is thus the proper procedural mechanism for a federal prisoner who alleges, as here, that his sentence was unconstitutionally or illegally imposed, entered by a court without jurisdiction to impose the sentence, exceeded the maximum detention authorized by law, or is otherwise subject to collateral attack. *See Morales v. United States*, 635 F.3d 39, 42–43 (2d Cir. 2011); *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004). Motions under § 2255 must be filed with the sentencing court. *Boumediene v. Bush*, 553 U.S. 723, 775 (2008). The sentencing court is the proper venue for § 2255 motions to vacate because the court is "already familiar with the facts of the case." *Id*.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides that a petitioner may only file one motion to vacate his sentence pursuant to § 2255 unless strict "gate-keeping" standards are met. *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). As amended, § 2255 provides limits on second or successive motions. A second or successive motion under § 2255 must be certified by a panel of the appropriate Court of Appeals as provided in 28 U.S.C. § 2244. In order for the Court of Appeals to certify a second or successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

By contrast, 28 U.S.C. § 2241 permits federal prisoners to challenge the *execution* of a sentence, including the computation of the sentence by parole officers, disciplinary actions imposed by prison officials, the conditions of the facility in which the prisoner is housed, and parole decisions. *Adams*, 372 F.3d at 135; *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003); *Jiminian*, 245 F.3d at 146. Petitions brought pursuant to § 2241 must name the petitioner's warden as the respondent and must be brought in the district of petitioner's confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); 28 U.S.C. § 2241(a).

In rare circumstances, a federal prisoner may challenge the validity of his or her conviction under § 2241 if the petitioner can show that the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003); *Triestman v. United States*, 124 F.3d 361, 373–74 (2d Cir. 1997)). In this regard, § 2255(e) provides, in pertinent part:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Courts refer to this subsection of § 2255 as the "Savings Clause," and in *Triestman*, the court cautioned that its remedy is narrow and exists only "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman*, 124 F.3d at 378. However, the remedy under § 2255 is not

inadequate or ineffective simply because a prior motion under § 2255 has been made and a successive motion under that section is disallowed by the court of appeals under the gate-keeping provisions of the AEDPA, *see, e.g.*, *Roccisano v. Menifee*, 293 F.3d 51, 57 (2d Cir. 2002); *Jiminian*, 245 F.3d at 147–48, as long as the claim that the petitioner seeks to raise was previously available to him on direct appeal or in a prior § 2255 motion. *Triestman*, 124 F.3d at 376–77; *Adams*, 372 F.3d at 135 (citing *Jiminian*, 245 F.3d at 147–48). Here, of course, Moses was free to raise an *Apprendi*-based claim in his direct appeal or first § 2255 motion.

Similarly, in order to fit within this exception authorizing a petition under § 2241 for a claim that is within the substantive scope of § 2255, it is insufficient simply that relief under § 2255 is unavailable because the Supreme Court has not made a new rule of constitutional law retroactive to cases on collateral review, *see Love v. Menifee*, 333 F.3d 69, 73–74 (2d Cir. 2003) (no serious constitutional question raised by unavailability of retroactive § 2255 relief on an *Apprendi* claim). In fact, the Second Circuit has concluded that the *Alleyne* rule is not retroactive on collateral review. *United States v. Redd*, 735 F.3d 88 (2d Cir. 2013).

In addition to showing that relief is procedurally unavailable under § 2255, a petitioner must also establish that the failure to allow collateral review would raise serious constitutional questions because the prisoner "(1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [his or her claim] of innocence at an earlier time." *Cephas*, 328 F.3d at 104 (quoting *Triestman*, 124 F.3d at 363); *Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003). In the context of a habeas petition, the phrase "actual innocence" refers to factual innocence, not the

alleged legal insufficiency of evidence presented in the underlying criminal proceeding. *Bousley v. United States*, 523 U.S. 614, 623–24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). Thus, to establish actual innocence, the petitioner must show that, in light of all the evidence, "it is more likely than not that no reasonable juror would have convicted him." *Id*. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)); *see also Rosario v. United States*, 164 F.3d 729, 733 (2d Cir. 1998). Unless the petitioner can make this showing, his petition must be construed as a § 2255 motion or be dismissed. *Cephas*, 328 F.3d at 104.

Moses does not argue that he is actually innocent of the crimes for which he was convicted. Rather he claims that the question of drug quantity, triggering application of the mandatory minimum under 21 U.S.C. § 841(b), should have been submitted to the jury. The short answer to Moses' claim is that he pleaded guilty to Count 1 of the Superseding Indictment, which included an allegation that the conspiracy involved the distribution of more than five kilograms of cocaine in violation of 21 U.S.C. § 841(b)(1) (A). *Moses I*, Doc. 170. Because of this quantity admission and because Moses had at least one prior drug felony conviction, Moses faced a mandatory minimum of 20 years in prison. This mandatory minimum was acknowledged in writing by Moses in the plea agreement. During the change of plea colloquy, Judge Murtha carefully examined Moses about his understanding of the consequences of his plea, including the application of the 20-year mandatory minimum term of imprisonment. *Id.*, Doc. 203 at 10. After *Apprendi*, "it was well settled under case law . . . that a defendant's admission of an element that would enhance his sentence during his guilty plea allocution was equivalent to that element

having been determined by a jury beyond a reasonable doubt." *United States v. Melville*, No. 13–CR–205 (ARR), 2014 WL 173416, at *2 (E.D.N.Y. Jan. 13, 2014) (citing *United States v. Brooker*, 543 U.S. 220, 244 (2005); *United States v. Doe*, 66 F. App'x 249, 252 (2d Cir. 2003)). *Alleyne* did not "disturb[ ] this rule." *Id.* For these reasons, Moses' claim of an *Apprendi* or *Alleyne* violation fails, and Moses cannot show that he is "actually innocent" of the crimes for which he was convicted.

**Conclusion**

Moses' Petition, although filed under § 2241, directly challenges the length of the sentence imposed by this Court rather than its execution. (*Moses II*, Doc. 1.) Consequently, the proceeding should have been brought pursuant to 28 U.S.C. § 2255. Moses' attempt to avail himself of a narrow exception to this rule by invoking the Savings Clause contained within § 2255(e) is ineffective to salvage his Petition since he has failed to establish that a properly filed § 2255 motion would be inadequate or ineffective to test the legality of his sentence or otherwise make a showing of actual innocence.

If a petitioner fails to obtain circuit approval prior to filing a second or successive petition, the district court is without jurisdiction to consider the petition and must dismiss it. *See Burton v. Stewart*, 549 U.S. 147, 153 (2007) (noting that district court did not have jurisdiction to entertain "second or successive" petition because it challenged "the same custody imposed by the same judgment of a state court" as the first petition). The rule in this circuit, in the interest of judicial efficiency, is if a district court determines that a petition is second or successive, that

court is to transfer the petition to the Court of Appeals. *See Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003).

The Supreme Court has held that when, as here, a district court considers recharacterizing a motion as one brought under § 2255, it must:

> notify the [self-represented] litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

*Castro v. United States*, 540 U.S. 375, 383 (2003).

Based on the foregoing, I recommend that Moses be given an opportunity to withdraw his Petition within 30 days of the date of the Court's order concerning this Report and Recommendation. Alternatively, in the event Moses does not withdraw his Petition, I recommend that his Petition be transferred to the Court of Appeals as a second or successive habeas motion. If this Report and Recommendation is adopted, I further recommend that the pending civil case, *Moses v. Spaulding*, D. Vt. 2:19-cv-189-wks-jmc (*Moses II)*, be closed.

Dated at Burlington, in the District of Vermont, this 25th day of February 2020.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).