UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 5:05-cr-133 |
| | ) | |
| RICHARD E. MOSES, JR., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| RICHARD MOSES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 5:19-cv-189 |
| | ) | |
| STEPHEN SPAULDING, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**
**(Docs. 435, 436 in No. 5:05-cr-133)**
**(Docs. 1, 15 in No. 5:19-cv-189)**

On February 25, 2020, the Magistrate Judge issued a single Report and Recommendation (R&R) as to both of the above-captioned cases: *United States v. Richard Moses, Jr.*, No. 5:05-cr-133 ("*Moses I*"), and *Moses v. Spaulding*, No. 5:19-cv-189 ("*Moses II*"). *Moses I*, Doc. 436; *Moses II*, Doc. 15. Moses has filed no objection to the R&R. After careful review of the file and the Magistrate Judge's thorough Report and Recommendation, and absent objection, the Report and Recommendation is AFFIRMED, APPROVED and ADOPTED. *See* 28 U.S.C. § 636(b)(1).

*Moses I* was a criminal case in which, in the midst of the jury trial, Moses pleaded guilty under a plea agreement on August 11, 2008. Doc. 170.[1] The plea agreement stated that Moses understood that two of the three counts to which he was pleading guilty—conspiracy to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 841(b)(1)(A) (count 1) and conspiracy to use and carry a firearm during and in relation to drug trafficking crime in violation of 18 U.S.C. § 924(o) (count 6)—carried 20-year mandatory minimum sentences. *Id.* ¶ 2. On October 27, 2010, the court sentenced Moses to 20-year concurrent sentences on counts 1 and 6, plus a consecutive five-year sentence on the third count (count 12) of attempted murder to prevent testimony of a witness. Doc. 313 at 2. Moses has filed numerous postconviction challenges to his conviction and sentence. *See* Doc. 432 at 1–3 (reciting procedural history).

In *Moses II*, Moses has filed a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. He asserts that his sentence should be vacated under *Alleyne v. United States*, 570 U.S. 99 (2013), and *Burrage v. United States*, 571 U.S. 204 (2014), because, he claims, he cannot be subjected to 21 U.S.C. § 841(b)'s mandatory minimum sentence unless the drug type and quantity are proved beyond a reasonable doubt to a jury. (*See* Doc. 2 at 8.)

For the reasons stated in the R&R, the putative § 2241 petition is properly characterized as a motion under 28 U.S.C. § 2255 challenging the sentence in *Moses I*. The Petition does not fit within the "savings clause" of § 2255(e) because a § 2255 motion would not be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). As the R&R explains, Moses was free to raise this challenge in his prior appeal or petitions; the savings clause is not triggered just because the *Alleyne* rule is not retroactive on collateral review; Moses cannot show

---

[1] The court adopts the R&R's convention of citing docket entries for *Moses II* in parentheses, and docket entries for *Moses I* without parentheses.

actual innocence; and his admission as to drug type and quantity is equivalent to a jury determination beyond a reasonable doubt. *United States v. Melville*, No. 13-CR-205 (ARR), 2014 WL 173416, at *2 (E.D.N.Y. Jan. 13, 2014).

Because the court is recharacterizing the Petition as a § 2255 motion, the court has docketed the Petition in *Moses I* and will close the *Moses II* case. For the same reason, Moses is entitled to notice that any subsequent § 2255 motion will be subject to the certification requirements of 28 U.S.C. § 2255(h), and to an opportunity to withdraw the motion. *See Castro v. United States*, 540 U.S. 375, 383 (2003). Because Moses has filed numerous prior habeas petitions, if he chooses not to withdraw the Petition, it must be transferred for certification under § 2255(h).

The Report and Recommendation is accordingly AFFIRMED, APPROVED and ADOPTED. Moses may withdraw his Petition within 30 days of this Order. If Moses elects not to withdraw his Petition, the court will transfer it to the Court of Appeals as a second or successive habeas motion. The Clerk is directed to close the pending civil case, *Moses v. Spaulding*, No. 5:19-cv-189.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 30th day of March, 2020.

                                                          */s/* Geoffrey W. Crawford
                                                          Chief Judge
                                                          United States District Court